# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPHINE MILLER | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-313 |
| | § | Judge Mazzant |
| MICHAEL UNDERWOOD, et al. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Leo Coppage, New Prime, Inc. and Success Leasing, Inc.'s 12(b)(6) Motion to Dismiss (Dkt. #29), Defendants Malinda Buchanan's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #32), and Defendant Vincent Farrell, Jr.'s Rule 12(b)(6) Motion to Dismiss (Dkt. #33). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied as moot.

## BACKGROUND

This lawsuit arises out of a multiple-motor vehicle accident that occurred on Southbound I-35 in Corinth, Denton County, Texas on October 8, 2016. The chain of events started with a disabled vehicle in the right lane of I-35. Due to the disabled vehicle, Defendant Malinda Buchanan stopped her car, behind her Plaintiff causing Defendant Leo Coppage to stop his tractor-trailer. Defendant Michael Underwood failed to stop his tractor-trailer colliding with Coppage's tractor trailer, sending Coppage into the rear end of Plaintiff's cause, which in turn hit Defendant Buchanan's car. When Underwood hit Coppage's tractor-trailer, Defendant Vincent Farrell, Jr collided with the rear end of Underwood's tractor-trailer.

Plaintiff initially filed suit against Defendants Underwood, UV Logistics, LLC d/b/a United Vision Logistics, VTL WC Acquisition, LLC, and UV Logistics Holding Corp.

(collectively "the Initial Defendants") on March 8, 2018 in state court. The case was removed on April 30, 2018 based on diversity jurisdiction (Dkt. #1). The Court issued its Order and Advisory on May 14, 2018, advising the parties of the different pleading standards in federal court (Dkt. #4). Plaintiff did not file an amended complaint within the designated time frame. However, on August 22, 2018 filed a motion for leave to amend their complaint (Dkt. #11) and filed Plaintiff's Amended Complaint (Dkt. #12) adding the Defendants, Buchanan, Coppage, Farrell, Claudia Rossi a/k/a Claudia Akos, New Prime, Inc. and Success Leasing Inc. to the lawsuit. On August 28, 2018, Plaintiff filed her Second Amended Complaint (Dkt. #15).

On September 28, 2018, Coppage filed his motion to dismiss (Dkt. #29). Following that motion, Defendants Buchanan and Farrell each filed a motion to dismiss (all three collectively "Moving Defendants") (Dkt. #32; Dkt. #33). Plaintiff filed responses to all three motions on October 19, 2018 (Dkt. #37; Dkt. #38; Dkt. #39). Buchanan was the only Defendant to file a reply and she did so on October 24, 2018 (Dkt. #40).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the

complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The Moving Defendants move to Dismiss Plaintiff's claims against them all generally arguing that the facts pleaded in the Second Amended Complaint are insufficient to establish a plausible claim for liability and that Plaintiff had only added claims against the Moving Defendants because the Initial Defendants claimed they were negligent, while Plaintiff herself did not believe they acted unreasonably. After reviewing Plaintiff's Second Amended Complaint, the Court agrees that it is insufficiently pleaded in accordance with the federal standards of pleading.

However, Plaintiff also requests leave to file an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). In this case, the Court finds it appropriate to give Plaintiff an opportunity to amend her complaint to state a plausible claim against the Moving Defendants within 14 days of this Order.

## CONCLUSION

It is therefore **ORDERED** Defendants Leo Coppage, New Prime, Inc. and Success Leasing, Inc.'s 12(b)(6) Motion to Dismiss (Dkt. #29), Defendants Malinda Buchanan's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #32), and Defendant Vincent Farrell, Jr.'s Rule 12(b)(6) Motion to Dismiss (Dkt. #33) are hereby **DENIED as moot**, subject to refiling if Plaintiff fails to

file an amended complaint or fails to do so in a manner that comports with the federal pleadings standard.

**SIGNED this 11th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE